Edward G. Baker, J.
Plaintiff moves for a new trial on the ground of newly discovered evidence.
The action was brought to restrain and enjoin defendant union from picketing plaintiff’s premises.
After trial, the court concluded that it was without jurisdiction to grant the relief sought and directed judgment dismissing the complaint.
At the time of the trial, there was under consideration by the National Labor Relations Board the report and recommendation of a trial examiner of the board who had recommended that the board direct the union to cease and desist. The matter had not then been decided by the board and was still pending and under advisement before it. The court noted this fact in its opinion.
*330 Since the issuance of this court’s opinion, the National Labor Relations Board, apparently, has issued its cease and desist order. On September 20, 1957, the following letter was addressed to plaintiff’s attorney:
‘ ‘ National Labor Relations Board Office of the General Counsel Washington 25, D. C.
September 20, 1957
Murray A. Frank, Esquire
Frank S. Wiener, Esquire
50 Court Street, Brooklyn 1, New York
Re: James Kmtting Mills, Inc.,
Case Nos. 2-00-391, 392
Dear Mr. Frank:
Your Letter of September 13, 1957, addressed to the Second Region, has been referred to me for reply.
You inquire as to why enforcement proceedings in the subject case have not as yet been instituted, and urge that such action be taken promptly.
As you may know, the facts of, and the issues presented by, the subject case are substantially the same as those involved in the Arnold Bakers case, in which the Second Circuit, on May 23, 1957, denied enforcement of the Board’s order. N. L. R. B. v. Local 50, 40 LRRM 2107. Since enforcement proceedings in the subject case would have to be instituted in the same Circuit, this step was deferred pending consideration of whether to seek Supreme Court review of the Arnold Bakers decision.
The Board, after consultation with the Solicitor General, has just decided that Arnold Bakers is not an appropriate case for Supreme Court review. We are accordingly appraising the subject case in the light of the adverse precedent in Arnold Bakers to determine whether it is feasible to present the identical issue to the Second Circuit once more. We will let you know as soon as we have reached a decision.
Very truly yours,
Stephen Leonard Associate General Counsel ”.
This letter, which states in substance that the board is undecided, for the reason set forth, whether to seek enforcement of *331 its cease and desist order, is the “ newly discovered evidence ” upon which plaintiff’s motion is based. Plaintiff maintains that “ it is clear that the decision of the court was based on its view that the plaintiff would be afforded relief by reason of the remedies provided under Federal Law [and] The letter indicates that such assumption was not valid in the circumstances herein. ’ ’
Passing the question whether the board’s present position is, technically, “newly discovered evidence,” plaintiff is in error in assuming that this additional proof would produce a different result if a new trial were had.
The basis of this court’s decision was that it was without jurisdiction to grant the relief sought, and the reasons and authorities relied upon for that decision were fully stated in its opinion. Neither the indecision of the National Labor Relations Board upon the question whether to seek enforcement of its order nor the conflict in the position of the board and the Federal courts in the Second Circuit upon the interpretation and application of section 8 (subd. [b], par. [4], cl. [C]) of the National Labor Relations Act (IT. S. Code, tit. 29, § 158) has any bearing whatever on the questions of pre-emption (jurisdiction).
Motion denied.
(Amendment to opinion.)
The court’s opinion in this matter, dated November 21, 1957, is amended, to add the following paragraph:
Defendants’ attorney did not oppose the reopening of the trial for the sole purpose of including in the record the letter of the N. L. R. B., above referred to. The motion is, therefore, granted to that extent. As indicated above, this additional proof would produce no result different from that originally arrived at by the court. The original decision is adhered to.
Settle order.